IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LISA C. CLARK                                            PLAINTIFF

v.                         CIVIL NO. 08-5034

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Lisa C. Clark brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 5, 2004, alleging an inability to work since April 16, 2004, due to a back disorder with resulting chronic pain.[1] (Tr. 53, 218). An administrative hearing was held on June 12, 2006, at which plaintiff appeared with counsel. (Tr. 242-294).

---

[1] Plaintiff, through her counsel, amended her alleged onset date to March 1, 2004. (Tr. 12, 268).

By written decision dated August 24, 2006, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry a maximum of ten pounds; to sit for a total of about six hours in an eight-hour workday; and to stand and/or walk for a total of at least two hours each in an eight-hour workday. (Tr. 15). The ALJ determined plaintiff was unable to reach overhead or push and/or pull with the bilateral lower extremities. The ALJ determined plaintiff could occasionally climb, stoop, bend, twist, crouch, crawl, kneel and balance. The ALJ determined plaintiff was restricted from exposure to unprotected heights, machines and dangerous equipment. With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a claims clerk and a call-out operator. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional evidence, denied that request on December 14, 2007. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 7,11).

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. *See Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater,* 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir. 1995).

The new evidence submitted to the Appeals Council reflects the following. On June 6, 2006, plaintiff was seen at Ozark Guidance, Inc. (Tr. 235). Dr. Stanley Rest, PH.D., noted plaintiff came in for a pain screening. Dr. Rest noted plaintiff was "pretty desperate for relief of her physical pain and emotional suffering" and was eager to try out the summer group. Plaintiff was to return in early August when the pain group began.

Plaintiff returned to Ozark Guidance on August 8, 2006, plaintiff attended the pain management focus group. (Tr. 234). Plaintiff was noted to be anxious but oriented to time, place, person and circumstance.

On August 15, 2006, the pain management group discussed stress-pain connection and stress-appraisal connection. (Tr. 233). Dr. Rest noted plaintiff was anxious but was also "starting to catch on."

On August 22, 2006, the pain management group discussed identification of automatic thoughts. (Tr. 232). Dr. Rest noted plaintiff was depressed but also understood the appraisal process.

On September 19, 2006, plaintiff had a counseling session with Ms. Mary Johnson, MHPP. (Tr. 230). Ms. Johnson noted plaintiff had a depressed mood. Plaintiff's goal was to find relief from chronic pain and build renewed contentment and joy in everyday life. Ms. Johnson noted plaintiff came to see if she was eligible for Medicaid. Ms. Johnson noted plaintiff seemed disappointed that she was not eligible for any assistance at that time.

There is also a letter dated October 23, 2006, written by Dr. Eric W. Walker, D.C. (Tr. 241). Part of this letter states the following:

> ...Over the past four months Ms. Clark has consistently experienced increase[d] right sacroiliac joint pain and right lower extremity radiculopathy in a pins and needles sensation following twenty to thirty minutes of sitting. The pain is mildly decreased by change of position. She also notices an increase in her pain following thirty minutes to one hour of standing. Conservative treatment continues to afford her only brief periods of relief. This is typically followed by periods of exacerbation experienced with the above mentioned activities. For this reason I do not feel she will be able to work a normal eight hour shift per day. With her history, I would expect more frequent periods of exacerbation resulting from periods of sitting greater than thirty minutes on any consistent basis.

(Tr. 241). Dr. Walker also noted plaintiff's medication made her drowsy. Dr. Walker opined that pain management, including steroidal injections and pharmacotherapeutics, was probably the best course of treatment for plaintiff long term.

As the ALJ gave great weight Dr. Walker's opinion when she made the initial determination, had the ALJ had this medical evidence before her when making her decision on this case, the outcome may very well have been different. Accordingly, we believe that remand is necessary to allow the ALJ to consider this new and material evidence.

While on remand, we recommend that the ALJ address interrogatories to Dr. Cyril A. Raben, plaintiff's treating physician, asking him to review plaintiff's medical records and to complete a RFC assessment regarding plaintiff's capabilities during the time period in question. Specifically, the ALJ should ask Dr. Raben to indicate if plaintiff is able to complete an eight-hour work day.

The ALJ should then re-evaluate plaintiff's RFC and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

AO72A
(Rev. 8/82)

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of February 2009.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)